IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COLUMBIA MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIECKER-TERRY MASONRY, INC., )<br>MORRISSEY CONSTRUCTION )<br>COMPANY, and ARTHUR BOZE, )<br>)<br>Defendants. ) | CAUSE NO 05-CV-518-WDS |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant Morrissey Construction Company's motion to dismiss, to which plaintiff has filed a response and defendant a reply.

## BACKGROUND

In order to address the motion to dismiss, it is necessary to set forth the relationship between the parties in this case. Defendant Arthur Boze, an employee of defendant Diecker-Terry Masonry, Inc., was injured during a construction accident while working on a project at Landsdown Middle School in East St. Louis, Illinois. Defendant Morrissey was the general contractor at the site, and Dieker-Terry a subcontractor. Boze sued Morrissey for negligence in state court, and has sought leave to amend his complaint in that action so as to include Dieker-Terry as a defendant. Morrissey then filed a third-party complaint for contribution against Dieker-Terry.

With respect to insurance coverage, Dieker-Terry has a primary policy of liability insurance, as well as a worker's compensation and employer's liability policy, with Harleysville Lake States Insurance Company ("HLSIC"). The HLSIC policy provides coverage to Morrissey

as an additional insured, and HLSIC is currently defending Morrissey in the underlying state court negligence action. Dieker-Terry also obtained a commercial umbrella liability policy from plaintiff; Morrissey is an additional insured on that policy as well.

In this action for declaratory judgment, plaintiff Columbia Mutual Insurance Company seeks a declaration that: (a) coverage is excluded for liability assumed by Dieker-Terry pursuant to the terms of its subcontract with Morrissey; (b) Exclusion "s" precludes coverage for Morrissey's third-party claim for contribution against Dieker-Terry; (c) the policy issued by plaintiff (hereafter, the "Columbia policy") does not provide coverage to Dieker-Terry over and above the worker's compensation and employer's liability policy issued by HLSIC for the third-party complaint filed against Dieker-Terry by Morrissey for an amount in excess of HLSIC's worker's compensation lien; (d) the Columbia policy shall be considered "in excess" of all underlying primary insurance for Dieker-Terry and Morrissey; (e) there is no coverage under the Columbia policy for the conspiracy and spoliation claims against Dieker-Terry and Morrissey; and (f) there is no coverage under the Columbia policy for punitive damages.

Prior to the filing of the instant suit, Morrissey filed, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, its own suit for declaratory judgment against plaintiff Columbia Mutual Insurance Company.  Specifically, that suit seeks a declaration that Columbia must provide coverage to Morrissey with respect to Boze's claims, and that Columbia's policy applies as the sole insurer with respect to the Boze lawsuit following the exhaustion of the HLSIC policy.  That suit was removed to this Court, see Cause No. 05-CV-489-WDS, was subsequently remanded and is currently pending in state court.

Morrissey now moves to dismiss this action on the ground that it is duplicative of its own earlier-filed declaratory judgment action pending in state court. Specifically, it argues that the

basic issue presented by both suits is the extent of coverage available under Columbia's commercial umbrella liability policy as it relates to Boze's underlying suit for negligence. In response, plaintiff claims that its complaint for declaratory judgment is much broader than that of Morrissey; it also points out that Boze and Dieker-Terry are not parties to the state court declaratory judgment action, and thus, will arguably not be bound by the state court decision.

In light of the foregoing and the claims presented in each action, the Court concludes that the issues presented in the two declaratory judgment actions, while not identical, certainly provide enough overlap so as to convince the Court that Morrissey's motion to dismiss has merit. However, the Court finds that a stay, rather than dismissal, is appropriate in this case. Cf. *Lumen Constr., Inc. v. Brant Constr. Co.,* 780 F.2d 691, 698 (7th Cir. 1986) (preferable course of action is a stay rather than dismissal, so as to "permit[] the federal court to retain jurisdiction in case the state court action does not meet its anticipated end").

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides the Court wide discretion to abstain from exercising jurisdiction in declaratory judgment actions. See, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 2140 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173 (1942)). Consequently, "consistent with the nonobligatory nature of the [Declaratory Judgment Act]", *id.* at 288, stays granted pursuant to the Declaratory Judgment Act are not subject to the "exceptional circumstances" standard of the *Colorado River* doctrine found in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236 (1976).

Here, a resolution of the state court action may dispose of one or more claims in this case. The Court finds that for purposes of judicial economy, it is reasonable to stay this action.

Accordingly, the Court *sua sponte* **STAYS** this action pending resolution of the state

court declaratory judgment action, *Morrissey Construction Company v. Columbia Mutual Insurance Company*, Cause No. 05-MR-288. Defendant Morrissey Construction Company's motion to dismiss is **DENIED** as moot. The parties are **DIRECTED** to file a notice advising the Court of the outcome or resolution of that state action within thirty days of its completion. All pending motions are **DENIED** with leave to refile those motions should it become necessary after resolution of the state court action.

    **IT IS SO ORDERED.**

    **DATED: October 20, 2005.**

                                         **s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**